**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**"IN ADMIRALTY"**

**CASE NO:**

CITY OF FORT MYERS D/B/A
FORT MYERS YACHT BASIN,

       Plaintiff,

vs.

M/Y *"LUNA,"* a 47'
Silverton manufactured vessel, her boats, engines, tackle,
equipment, apparel, furnishings, freights,
appurtenances, and all fixtures and other
necessaries there unto appertaining and
belonging to the vessel, *in rem;* and

SEAN SIPE, *in personam*,

       Defendants.

_____/

**VERIFIED COMPLAINT**

Plaintiff, CITY OF FORT MYERS D/B/A FORT MYERS YACHT BASIN (hereinafter

referred to as "Plaintiff"), by and through the undersigned counsel, file this Verified Complaint

against: Motor Yacht *"LUNA,"* a 47' Silverton manufactured motorized yacht, her boats, engines,

tackle, equipment, apparel, furnishings, freights, appurtenances, and all fixtures and other

necessaries there unto appertaining and belonging to the vessel (hereinafter referred to as

"Defendant Vessel"), *in rem*; Defendant Vessel's Owner, SEAN SIPE (hereinafter referred to as

"Defendant Vessel's Owner"), *in personam*; and alleges:

**VENUE AND JURISDICTION**

1.     This cause of action is under Admiralty and Maritime jurisdiction within the

meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within the jurisdiction of this

Court pursuant to 28 U.S.C. §1333.

2.     Venue is proper as Defendant Vessel is located within the jurisdiction of this Court,

Defendant Vessel's Owner resides within the jurisdiction of this Court.

## PARTIES

3.      Fort Myers Yacht Basin's principal place of business is located at 1300 Lee St, Fort Myers, FL 33901.

4.      Defendant Vessel is and will remain within the Middle District of Florida during the pendency of her arrest.

5.      Defendant Vessel's Owner upon information and belief, resides in the Middle District of Florida.

## GENERAL ALLEGATIONS

6.      On or about August 18, 2018 and September 18, 2018, pursuant to two written agreements executed by Defendant Vessel's Owner ("Agreements"), are obligated, *in personam*, to pay any amounts not determined to be maritime liens against Defendant Vessel, *in rem*, including but not limited to interest, collection costs, and attorney fees. *See* Dockage Agreements attached hereto as "Exhibit A."

7.      Pursuant to the aforementioned Agreements, Plaintiff rendered dockage and related services to Defendant Vessel, as well as a second vessel owned by Defendant Vessel's Owner, a 28' Carver[1], and Plaintiff billed Defendant Vessel's Owner accordingly. *See* Account Statement attached hereto as "Exhibit B."

8.      The dockage and related services identified herein were tendered to Defendant Vessel at the direction of Defendant Vessel's Owner.

9.      The cost of the services rendered are customary, reasonable, and in accordance with prevailing charges for the work done and the materials furnished.

10.     Despite repeated demand, Defendant Vessel's Owner have failed to pay for the services provided and interest continues to accrue, *per diem*.

11.     Plaintiff has required the assistance of legal counsel and has retained the

---

1 While Plaintiff is seeking payment for costs related to the 28' Carver in its breach of contract and unjust enrichment claims against Defendant Vessel's Owner, at this juncture, Plaintiff is not seeking to foreclose on its lien against same in this cause of action.

undersigned to take legal action to recover the outstanding debt, and is entitled to recover fees for same under the terms of the Agreements executed between the Parties.

12.     The total amount due to Plaintiff for both vessels is $15,011.04, , exclusive of fees, costs, and interest, which continues to accrue on a daily basis at the contractual rate of 18% *per anum* and is broken down as follows:

a.   $11,119.23 due related to Defendant Vessel; and

b.   $3,063.97 due for services rendered to the 28' Carver.

**COUNT  I.  FORECLOSURE  OF  MARITIME  NECESSARIES  LIEN  AGAINST DEFENDANT VESSEL**

13.     Plaintiff re-alleges paragraphs 1 through 12, as alleged herein.

14.     Pursuant to 46 U.S. Code § 31342, Plaintiff retains a necessaries lien against Defendant Vessel for the services rendered to Defendant Vessel at the request of Defendant Vessel's Owner.

15.     Consequently, Plaintiff now seeks to foreclose on its secured necessaries liens against Defendant Vessel in this action.

WHEREFORE Plaintiff, CITY OF FORT MYERS YACHT BASIN, respectfully requests the following relief:

a.     Process issue against Defendant Vessel, her engines, tackle, apparel, and other appurtenances, *in rem*;

b.     All persons having or claiming an interest therein be required to appear and answer the aforesaid matters;

c.     Plaintiff be decreed to have a lien upon Defendant Vessel as described herein, and that said lien be foreclosed in accordance with law and that Defendant Vessel be condemned and sold in payment of the outstanding amount due, in addition to all other sums owed, and that Plaintiff be permitted to bid the amount of its lien at the sale of Defendant Vessel;

d.      This Court further award Plaintiff the total amount due, attorney's fees, prejudgment interest, court costs, and that Plaintiff be permitted to recover same from Defendant Vessel, *in rem*, and any non-maritime amounts from Defendant Vessel's owner, *in personam*; and

e.      Any further relief that this Honorable Court deems just and proper.

## COUNT II. BREACH OF CONTRACT AGAINST DEFENDANT VESSEL'S OWNER

16.     Plaintiff re-alleges paragraphs 1 through 12, as alleged herein.

17.     Plaintiff entered a written agreement with Defendant Vessel's to render necessary services to Defendant Vessel.

18.     Plaintiff rendered the services to Defendant Vessel, and billed Defendant Vessel's Owner for same.

19.     Defendant Vessel's Owner has failed to satisfy the outstanding balance due and Plaintiff has been damaged in the amount of $15,011.04, plus accruing interest, contractual attorney's fees and all costs associated with this action.

WHEREFORE Plaintiff hereby demands judgement for breach of contract against Defendant Vessel's Owner and Authorized Agent in the amount of $15,011.04, plus accruing interest, costs, attorney's fees, and for any further relief that this Honorable Court deems just and proper.

## COUNT III. UNJUST ENRICHMENT AGAINST DEFENDANT VESSEL'S OWNER AND AUTHORIZED AGENT

20.     Plaintiff re-alleges paragraphs 1 through 12, as alleged herein.

21.     Plaintiff conferred a benefit to Defendant Vessel's Owner by supplying services to Defendant Vessel at the request of Defendant Vessel's Owner.

22.     Defendant Vessel's Owner have knowledge and acceptance of the benefit conveyed by Plaintiff.

23.     Defendant Vessel's Owner failed to remit payment in full for the services and parts

rendered by Plaintiff and it would be inequitable for Defendant Vessel's Owner to retain the benefit without paying fair value for same.

24.    Defendant Vessel's Owner owes Plaintiff an outstanding amount for the services and product conferred plus costs and attorney's fees.

WHEREFORE Plaintiff demands Judgment against Defendant Vessel's Owner for unjust enrichment plus costs, attorney's fees, and for any further relief that this Honorable Court deems just and proper.

Respectfully submitted,

/s/ Adam M. Ludwin
Adam M. Ludwin, Esq.
Florida Bar No: 101742